NO. 07-01-0152 CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 6, 2002

_____

JUAN MANUEL TREVINO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 338TH DISTRICT COURT OF HARRIS COUNTY;

NO. 848124; HONORABLE ELSA ALCALA, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Pursuant to an open plea of guilty, appellant Juan Manuel Trevino was convicted of aggravated robbery, and punishment was assessed at 30 years confinement. By two points of error, appellant contends (1) the trial court improperly considered prejudicial evidence at the sentencing hearing; and (2) his rights to equal protection were violated

when he was indicted by an unconstitutionally empaneled grand jury. Based upon the rationale expressed herein, we affirm.

Appellant entered an open plea of guilty to the charge of aggravated robbery, waived his right to a jury trial and the appearance, confrontation and cross-examination of witnesses. Because appellant does not challenge the sufficiency of the evidence, only a brief recitation of the facts is necessary to the disposition of this appeal. On June 22, 2000, at approximately two o'clock a.m, appellant, armed with a revolver, entered a Walgreen's in Houston, Texas, to rob it. Appellant, threatening the store employees, gathered them together, brought them into an office, and forced the manager to empty the contents of the safe into a garbage can. Unbeknownst to him, a store employee previously placed a call to police, and by the time he fled, they were waiting. Appellant was quickly apprehended and charged with aggravated robbery.

By his first point of error, appellant contends the trial court, sitting without a jury, improperly considered prejudicial evidence over defense counsel's objection at the sentencing hearing. We disagree. Appellant claims the trial court erred when the store's loss prevention supervisor was permitted to testify about his discovery of four .38 special cartridges he found at the crime scene the day following the robbery. The cartridges were offered to police, but were never collected by them. Rather, they were kept in the possession of the loss prevention supervisor and locked in his desk to which he had sole access until the time of trial. However, the cartridges were never admitted into evidence.

The record reflects only two objections by defense counsel, neither of which pertain to the substance of his testimony.

A timely and reasonably specific objection is required to preserve error for appellate review. TEX. R. APP. P. 33.1(a); Butler v. State, 872 S.W.2d 227, 236 (Tex.Cr.App. 1994), *cert. denied*, 513 U.S. 1157, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995). Where the alleged error relates to the admission of evidence, a timely objection must be made stating the specific ground of objection. TEX. R. EVID. 103(a)(1); Higgins v. State, 924 S.W.2d 739, 745 (Tex.App.–Texarkana 1996, pet. ref'd ). In addition, the objection at trial must comport with the error complained of on appeal. Goff v. State, 931 S.W.2d 537, 551 (Tex.Cr.App. 1996), *cert. denied*, 520 U.S. 1171, 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997). Despite appellant's contentions otherwise, no objection was presented to the trial court relating to the substance of the loss prevention supervisor's testimony. Accordingly, the point was not properly preserved for review. Point of error one is overruled.

By his second point of error, appellant argues his rights to equal protection were violated when he was indicted by an unconstitutionally empaneled grand jury. We disagree. The appellant contended before the trial court, as he does on appeal, that persons of Hispanic origin were systematically excluded from the Harris County Grand Jury which indicted him in violation of the Equal Protection Clause of the Fourteenth Amendment. A rebuttable presumption of purposeful discrimination arises if the defendant makes out a *prima facie* case, which consists of showing: (1) that a particular group

3

constitutes "a recognizable, distinct class, singled out for different treatment under the laws, as written or as applied," (2) "the degree of under-representation by comparing the proportion of the group in the total population to the proportion called to serve as grand jurors, over a significant period of time," and (3) "a selection procedure that is susceptible of abuse or is not racially neutral." Ovalle v. State, 13 S.W.3d 774, 777 (Tex.Cr.App. 2000). Even assuming, *arguendo*, that persons of Hispanic descent constitute a recognizable distinct class singled out for different treatment here, the record does not contain any evidence to establish the second and third prongs of the test set out by the Court in *Ovalle*. Because the record is silent, appellant did not make a *prima facie* case of discrimination and the burden of rebuttal did not shift to the State. Accordingly, point of error two is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

4